IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GARY L. BUSKIRK,                                       :
                                                       :
                          Plaintiff,                   :
                                                       :
          v.                                           :          CIVIL ACTION NO. 22-1826
                                                       :
PENNSYLVANIA BOARD OF                                  :
PROBATION AND PAROLE, *et al.*,                        :
                                                       :
                          Defendants.                  :

**<u>MEMORANDUM</u>**

SMITH, J.                                                          September 28, 2022

*Pro se* Plaintiff Gary L. Buskirk, currently incarcerated at the Northampton County Jail

awaiting a state court probation revocation hearing,[1] filed a civil rights Complaint pursuant to 42

U.S.C. § 1983.  Named as Defendants are the Pennsylvania Board of Probation and Parole, State

Parole Agents Mitzak and Mugavero, and Supervisory Parole Agent Ms. Robinson.  Buskirk also

seeks leave to proceed *in forma pauperis* and has submitted his institutional account statement.

For the reasons that follow, the application to proceed *in forma pauperis* will be granted.  Certain

claims in the Complaint will be dismissed with prejudice, and certain claims will be stayed pending

completion of Buskirk's state court proceedings.

I.      **FACTUAL ALLEGATIONS**

According to Buskirk, he has been on probation for eight (8) years.  (Compl. (ECF No. 2)

at 6.)  Buskirk claims that for a period of seven (7) months, between August 2020 and March 2021,

---

[1] A review of public records shows that Buskirk was arrested in Lehigh County on April 14, 2014 on charges
of driving under the influence.  *Commonwealth v. Buskirk*, CP-39-CR-0001663-2014 (C.P. Lehigh).  Buskirk pled
guilty and received a sentence of one-to-two-years incarceration followed by probation.  (*Id.*)  The criminal docket
reflects the issuance and service of an arrest warrant based on Buskirk's apparent probation violation and the
continuance of a *Gagnon II* (probation revocation) hearing scheduled for April 4, 2022.  (Id.)  The docket does not
reflect there has been an adjudication of that revocation.

Defendants Mitzak and Mugavero "harassed and stalked" him.  (*Id*. at 7.)  Specifically, Buskirk alleges that Mitzak and Mugavero called and texted him hundreds of times and made multiple visits to his home and the residence of others.  (*Id*. at 5-8.)  Apparently as a result of Defendants' actions Buskirk has been incarcerated at the Northampton County Jail pending a *Gagnon II* hearing.[2]  (*Id.* at 4; 5-8.)

Although not entirely clear from the Complaint, Buskirk appears to allege that the Defendants improperly accused him of violating his probation as well as providing false testimony in a custody proceeding, interfering with the care of Buskirk's brother, and causing losses to Buskirk's business.  (*Id.* at 8.)  As relief on his claims, Buskirk "ask[s] [that the] Agents be terminated."  (*Id*. at 8.).  He also seeks $1.6 million in money damages.  (*Id*.)

## II.    STANDARD OF REVIEW

Because Buskirk appears to be unable to pay the full amount of the filing fee upfront, the Court will grant him leave to proceed *in forma pauperis*.[3]   Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021)

---

[2]  A criminal defendant generally is entitled to two separate hearings prior to revocation of parole or probation.  *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 786 (1973).  The purpose of the first, pre-revocation hearing (a *Gagnon I* hearing) is to determine that probable cause exists to believe that a violation has been committed.  *Commonwealth v. Ferguson*, 761 A.2d 613, 617 (Pa. Super. Ct. 2000).  The second, "more comprehensive hearing" (a *Gagnon II hearing*), is to determine whether facts exist to justify revocation of parole or probation.  *Id.*

[3]  Because he is a prisoner, Buskirk will be required to pay the full amount of the filing fee in installments, as required by the Prison Litigation Reform Act.

('"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).   Conclusory allegations do not suffice.   *Iqbal*, 556 U.S. at 678.   As Buskirk is proceeding *pro se*, the Court construes his allegations liberally.   *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.   DISCUSSION

Buskirk seeks to assert constitutional claims.   The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. 42 U.S.C. § 1983.   "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."   *West v. Atkins*, 487 U.S. 42, 48 (1988).   A § 1983 plaintiff must allege the personal involvement of each defendant in the alleged constitutional violation.   *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).

### A.   Claims Against the Pennsylvania Board of Probation and Parole

In the caption of his Complaint, Buskirk identifies the Pennsylvania Board of Probation and Parole as a defendant.   States and their agencies are not considered "persons" for purposes of § 1983.   *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).   Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages.   *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W.*

3

*v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  The Commonwealth of Pennsylvania has not waived that immunity.  *See* 42 Pa. Cons. Stat. § 8521(b).

The United States Court of Appeals for the Third Circuit has repeatedly held that Pennsylvania's probation and parole departments, as part of the state unified judicial system, share in the Commonwealth's Eleventh Amendment immunity.  *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 551 F.3d 193, 197 (3d Cir. 2008) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment) (citing *Benn v. First Judicial Dist. of Pa.*¸426 F.3d 233, 241 (3d Cir. 2005)).  Accordingly, the claims for money damages Buskirk seeks to assert against the Pennsylvania Board of Probation and Parole may not proceed. *See Moore v. Chester Cnty. Cts.*, No. 21-5230, 2022 WL 742708, at *3 (E.D. Pa. Mar. 10, 2022)

### B.  Official Capacity Claims Against Mitzak, Mugavero, and Robinson

Buskirk's official capacity claims against the individual Defendants must also be dismissed under 28 U.S.C. § 1915(e)(2)(B).  The official capacity claims against Mitzak, Mugavero, and Robinson, identified by Buskirk as employees of the Pennsylvania State Parole Board, are also treated as claims against the Commonwealth.  *See A.W*, 341 F.3d at 238 (holding that suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment).  Suits against state officials acting in their official capacities are really suits against the employing government agency, and as such, are also barred by the Eleventh Amendment.  *Id*.; *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Will*, 491 U.S. at 70-71.  Additionally, the United States Court of Appeals for the Third Circuit has held that, where a claim is filed against state officials who were not directly involved in the activities that caused the alleged constitutional violation, but are instead named as defendants because of their positions in state government, they are deemed to be sued in their official capacities and thus entitled to Eleventh Amendment immunity.  *Downey v. Pa. Dep't of Corr.*, 968

F.3d 299, 310 (3d Cir. 2020).   As noted, the Commonwealth has not waived its Eleventh Amendment immunity, accordingly, the official capacity claims against Mitzak, Mugavero, and Robinson seeking money damages are dismissed.[4]

### C.   Individual Capacity Claims Against Mitzak, Mugavero and Robinson

Buskirk names Mitzak, Mugavero, and Robinson in their individual as well as official capacities, seeking monetary damages for alleged constitutional violations.  (Compl. at 2-3.)  The alleged violations stem from actions taken by Agents Mitzak and Mugavero and Supervisory Agent Robinson in their efforts to supervise Buskirk's probation status.  The underlying probation revocation hearing remains pending in state court, and therefore, this Court must abstain from considering these claims based on *Younger v. Harris*, 401 U.S. 37 (1971).  *See Ferretti v. Northampton Cnty. Jail*, No. 21- 3530, 2021 WL 4306054, at *8 (E.D. Pa. Sept. 22, 2021) (applying *Younger* abstention to civil rights claim based on parole revocation where decision on the revocation had not yet been reached).

Abstention "is a judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."  *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).  In *Younger*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal proceeding."  *Yang v. Tsui*, 416 F.3d 199,

---

[4]  In addition to monetary damages, Buskirk asks the Court to "terminate" the Defendants' employment. (Compl. at 8.)  State officials may be sued in their official capacities where the plaintiff seeks prospective injunctive relief to stop an ongoing violation of federal law.  *See Ex parte Young,* 209 U.S. 123 (1908); *Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002).  However, even construing Buskirk's request as seeking injunctive relief, the Court has no authority to terminate the employment of a state employee.  *See Teal v. Moody*, No. 15-1402, 2019 WL 6702405, at *1 (M.D. Fla. July 10, 2019) ([T]o the extent Teal suggests that this Court reprimand the Defendants and/or terminate their employment, this Court does not have the authority to reprimand state employees and/or terminate their employment."); *Theriot v. Woods*, No. 09-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . .terminate the employment of [the defendants]").  Accordingly, any claim for injunctive relief is not plausible and is dismissed with prejudice.

202 (3d Cir. 2005) (discussing *Younger*).  "*Younger* abstention is only appropriate in three types of underlying state cases: (1) criminal prosecutions, (2) civil enforcement proceedings, and (3) civil proceedings involving orders in furtherance of the state courts' judicial function."  *PDX N., Inc. v. Comm'r New Jersey Dep't of Labor & Workforce Dev.*, 978 F.3d 871, 882 (3d Cir. 2020) (internal quotations omitted).

Younger abstention "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system."  *Evans v. Court of Common Pleas, Delaware Cty., Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992).  Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding.  *Id.* The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims."  *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).  Exceptions to the *Younger* doctrine exist where irreparable injury is "both great and immediate," where the state law is "flagrantly and patently violative of express constitutional prohibitions," or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief."  *Younger*, 401 U.S. at 46, 53-54.  The exceptions are to be narrowly construed.  *Hall v. Pennsylvania*, Civ. A. No. 12-2373, 2012 WL 5987142, *2 (M.D. Pa. 2012) (citing *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991)).

The *Younger* requirements are clearly met in this case.  First, adjudication of the revocation proceeding is still pending.  Second, the state proceedings implicate the important interest of enforcing the Commonwealth's criminal laws.  Third, the criminal proceedings provide Buskirk an adequate opportunity to argue in the state forum that the revocation was legally erroneous or factually incorrect.  This Court may assume that the state procedures will afford him an adequate

remedy.  *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987)) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.").  Further, there is nothing in the Complaint to indicate that Buskirk falls within any of the narrow exceptions to the *Younger* doctrine.  *See also Marks v. Stinson*, 19 F.3d 873, 882 (3d Cir. 1994) ("A federal court will only consider *Younger* abstention when the requested relief would constitute federal interference in state judicial or quasi-judicial proceedings").  Accordingly, it is appropriate to abstain from entertaining Buskirk's individual capacity claim for money damages against Mitzak, Mugavero, and Robinson until such time as Buskirk's parole revocation proceedings have terminated.  *Accord Ellis v. Mondello*, Civ. A. No. 05-1492, 2005 WL 1703194, at *3 (D.N.J. 2005) ("[A]ssuming the criminal action is still pending in a state trial or appellate court, review of the state court proceedings would be barred; a district court cannot interfere in a pending state criminal action in order to consider issues that a plaintiff can raise there.").

## IV.    CONCLUSION

For the reasons stated, Buskirk's Complaint will be dismissed in part with prejudice, and any claim subject to *Younger* abstention will be stayed.  The accompanying Order dismisses with prejudice and terminates as a Defendant the Pennsylvania Board of Probation and Parole.  The official capacity claims against Defendants Mitzak, Mugavero and Robinson are also dismissed with prejudice.  The individual capacity claims against Mitzak, Mugavero and Robinson subject to *Younger* abstention will be stayed.  Buskirk shall inform the Court when all related state court proceedings have been resolved.

BY THE COURT:


*/s/ Edward G. Smith*
EDWARD G. SMITH, J.