IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY L. BUSKIRK, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 22-1826 |
| PENNSYLVANIA BOARD OF PROBATION AND PAROLE, *et al.*, | : |
| Defendants. | : |

**ORDER**

AND NOW, this 28th day of September, 2022, upon consideration of Plaintiff Gary L. Buskirk's Motions to Proceed *In Forma Pauperis* (Doc. Nos. 6 & 7), his Prisoner Trust Fund Account Statement (Doc. No. 5), and his *pro se* Complaint (Doc. No. 2), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Gary L. Buskirk, # 0027398, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Buskirk's inmate account; or (b) the average monthly balance in Buskirk's inmate account for the six-month period immediately preceding the filing of this case. The Warden of Northampton County Prison or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Buskirk's inmate trust fund account exceeds $10.00, the Warden of Northampton County Prison or other appropriate official shall forward payments to the Clerk of Court equaling

20% of the preceding month's income credited to Buskirk's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of Northampton County Prison.

4. The Complaint is **DEEMED** filed.

5. Buskirk's Complaint is **DISMISSED IN PART WITH PREJUDICE AND STAYED IN PART** as follows:

 a. All claims against Defendant Pennsylvania Board of Probation and Parole, as well as the official capacity claims against Defendants Agent Mitzak, Agent Mugavero, and Agent Ms. Robinson are **DISMISSED WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the reasons stated in the Court's Memorandum.

 b. The individual capacity claims against Defendants Agent Mitzak, Agent Mugavero, and Agent Ms. Robinson subject to *Younger* abstention are **STAYED** until such time as all related proceeding in state court have been resolved.

6. The Clerk of Court is **DIRECTED** to terminate the Pennsylvania Board of Probation and Parole as a Defendant.

7. Buskirk is **DIRECTED** to notify the Court when his parole revocation proceedings have terminated.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.